UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ALICIA AVILA, ET AL.** | **CIVIL ACTION NO. 2:20-00331** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PNK (LAKE CHARLES), LLC, d/b/a L'AUBERGE DU LAC** | **MAG. JUDGE KATHLEEN KAY** |

RULING

Pending here is a Motion for Summary Judgment filed by Defendant PNK (Lake Charles), LLC, doing business as L'Auberge du Lac (hereinafter "L'Auberge") [Doc. No. 27]. Plaintiffs Alicia Avila and Alvaro Avila (collectively "Plaintiffs") have filed an opposition [Doc. No. 29]. L'Auberge has filed a reply [Doc. No. 30].

For the following reasons, L'Auberge's motion is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

**I.     FACTS AND PROCEDURAL BACKGROUND**

On April 20, 2019, Plaintiff Alicia Avila entered the L'Auberge du Lac Casino Resort in Lake Charles, Louisiana, with her husband, Plaintiff Alvaro Avila. While on the casino floor, Ms. Avila proceeded to the women's restroom and entered a bathroom stall. She alleges that, after entering the stall, she immediately noticed liquid surrounding the base of the toilet. She states she then turned to exit the stall but slipped on the liquid, causing her to fall and hit her head on the stall door, resulting in injuries.

On December 20, 2019, Plaintiffs filed a Petition for Damages against L'Auberge in the 14th Judicial District Court, Calcasieu Parish, State of Louisiana. On March 13, 2020, the suit was removed to this Court [Doc. No. 1].

On November 19, 2021, L'Auberge filed the pending Motion for Summary Judgment asking that Plaintiffs' claims against it be dismissed because: (1) Plaintiffs cannot establish that L'Auberge caused the alleged liquid to be on the floor where Alicia Avila allegedly slipped and fell; (2) Plaintiffs cannot establish that a L'Auberge employee knew or should have known of the alleged liquid's presence on the floor prior to the alleged fall; and (3) Plaintiffs cannot establish the length of time that the alleged liquid was present on the floor before the alleged fall [Doc. No. 27].

On December 10, 2021, Plaintiffs filed their opposition [Doc. No. 29]. Plaintiffs contend there are genuine issues of material fact as to whether: (1) L'Auberge created the hazardous condition in the stall where Mrs. Avila fell; (2) L'Auberge had actual or constructive knowledge of the alleged hazard; and (3) L'Auberge's failure to properly monitor and maintenance the toilet creates an issue of fact as to the length of time the liquid existed in the stall.

On December 16, 2021, L'Auberge filed a reply in support of its motion [Doc. No. 30].

The motion is fully briefed, and the Court is prepared to rule.

II.    LAW AND ANALYSIS

   A.    **Summary Judgment**

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.  Analysis**

Louisiana Revised Statute 9:2800.6 sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises. *Hernandez v. National Tea, Inc.*, 734 So.2d 958 (La. App. 5th Cir. 1999). The statute states in pertinent part:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage;
>
> B.  In a negligence claim brought against the merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
>
> > 1.  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > 2.  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
> >
> > 3.  The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient,

3

alone, to prove failure to exercise reasonable care.

C.  Definitions:

> "Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.

In summary, La. R.S. 9:2800.6 provides that the plaintiff has the burden of proving, in addition to all other elements of the cause of action, that the merchant either (1) created the condition that caused the occurrence, or, (2) had actual or constructive notice of the condition prior to the occurrence and failed to exercise reasonable care. The statute goes on to define constructive notice and explains that in order for a claimant to prove constructive notice, a claimant must show that the condition existed for "such a period of time" that it would have been discovered if the merchant had exercised reasonable care.

L'Auberge states that Mrs. Avila acknowledged in her deposition that she: 1) does not know where the liquid that was allegedly on the floor came from; 2) does not know what caused the liquid to be on the floor; 3) does not know how long it was present before her fall; and 4) does not know if any L'Auberge employee knew of its presence before her fall. [Alicia Avila Depo., Doc. No. 27-3, pp. 47-48]. L'Auberge further states that, in this same regard, L'Auberge's Utility Porter, Leslie Lafleur ("Lafleur"), whose job includes monitoring the restroom to ensure that it remains clean and stocked with supplies, had no knowledge of the liquid's presence before the fall. [Leslie Lafleur affidavit, Doc. No. 27-4].

Based on the foregoing, L'Auberge asserts that Plaintiffs cannot meet their burden of

4

proof at trial. L'Auberge contends that, under La. R.S. 9:2800.6, Plaintiffs cannot prevail absent a showing that L'Auberge either caused the liquid to be on the floor or knew or should have known about its presence prior to the incident. Laberge states that, as the evidence shows, and as Mrs. Avila readily admitted in her deposition, no one knows how the alleged liquid got on the floor, no one knows how long it had been on the floor, and no one knew about its presence prior to her incident. Therefore, according to L'Auberge, Plaintiffs cannot prove causation, actual notice, or constructive notice. L'Auberge concludes that it is entitled to summary judgment, and the Court should dismiss Plaintiffs' claims with prejudice.

In their opposition, Plaintiffs dispute L'Auberge's contentions on each of these issues.

The Court will first consider the issue of whether there is a sufficient showing that L'Auberge created the hazardous condition.   The Court will then consider the issue of whether there is a sufficient showing that L'Auberge had actual or constructive notice of the hazardous condition.

### 1. Did L'Auberge Create the Hazard?

Plaintiffs contend that L'Auberge created the hazardous condition in the stall where Mrs. Avila fell.   Plaintiffs state that, to satisfy this prong, they need only prove that L'Auberge was responsible for maintaining the area where the hazardous condition existed, and that L'Auberge has admitted that it had a policy to constantly monitor the area where Mrs. Avila fell.  Plaintiffs assert further that their expert, Earl Wright, II ("Wright"), a professional plumber, has rendered an opinion that L'Auberge's failure to properly maintenance and install the toilet more probably than not caused a leak from the base of the toilet. Specifically, Wright states that industry standards require public toilets to be sealed using grout instead of caulk, but

5

the toilet at issue was installed with caulk [Earl Wright II affidavit, Doc. No. 29-3, pp. 1-6].

Plaintiffs state that, similarly, in a recent case, a Western District court found that where the plaintiff could show on summary judgment that the merchant failed to properly seal and maintenance a toilet, such evidence was enough to satisfy creation, citing *Pousson v. Lowes Home Centers LLC,* 2019 WL 5390102 (W.D. La. Oct. 21, 2019) ("There is no requirement of notice when it comes to creation of the hazard." *Id*. at *3, citing *Deshotel v. Wal-Mart Louisiana L.L.C.*, 850 F.3d 742, 747 (5th Cir. 2017)). In *Pousson*, the plaintiff had slipped on liquid surrounding a toilet in a Lowe's restroom. Lowe's moved for summary judgment on the basis that the plaintiff could not show a genuine issue of material fact as to actual or constructive notice of the hazard. The plaintiff presented an expert affidavit of a licensed plumber who found that Lowe's did not properly seal the toilet, which caused a leak from the base of the toilet. The court found that the plaintiff's submission of an expert affidavit, deposition testimony, and photographs of the water taken immediately after the incident was sufficient to create a genuine issue of material fact.

Plaintiffs additionally assert that this public women's restroom had a long history of slip and falls from water on the floor near toilets.  Plaintiffs conclude that there is sufficient evidence showing that L'Auberge's own actions (or inactions) created the hazard which led to Mrs. Avila's injuries, i.e., a leaking toilet, which creates a genuine issue of material fact for trial.

L'Auberge responds that Plaintiffs' entire opposition is premised on unsupported speculation. L'Auberge asserts that Plaintiffs have no competent evidence to support their theory that the liquid that Mrs. Avila allegedly slipped on came from a leaky toilet.  Lafleur,

the restroom attendant on duty at the time of the incident, stated that she had no knowledge of this particular toilet leaking despite working in the restroom for approximately five years. [Lafleur affidavit, Doc. No. 27-4]. She further stated that she was aware of two other toilets that had leaked, but one had been fixed, and the other still leaks sometimes. However, that was not the stall where Mrs. Avila allegedly fell [Lafleur deposition, Doc. No. 29-5, pp. 13, 14].

L'Auberge asserts that this case is not the same as *Pousson*. L'Auberge states that Plaintiff's expert, Wright, was also the expert in *Pousson*, but that the evidence relied on by Wright in *Pousson* differs drastically from the evidence here. In *Pousson*, Wright relied on close-up photographs of the toilet in question, which were taken on the day of the incident and demonstrated: (1) that the toilet was not properly sealed to the floor as the caulk seal was removed, and (2) that the water in question was near the base of the toilet. Wright, therefore, had direct factual evidence to support his opinion that the water on the floor more likely than not came from a leaky toilet.

However, in the present case, according to L'Auberge, Wright did not physically inspect the toilet and relies solely on photographs of the toilet at issue, along with reports from prior incidents, none of which support a conclusion that any toilet in the restroom was leaking, much less the one at issue. Although Wright states he relied on photographs taken by L'Auberge on the date of the incident, L'Auberge states that none of those photographs support Wright's opinion that the toilet was not sealed to the floor or that the seal was degraded and, therefore, prone to wobbling and leaking [Doc. No. 29-3, pp. 7 - 12].

L'Auberge contends further that, although Wright states he relied on photographs

7

supplied by Plaintiffs, those photographs were not taken on the date of the incident and no information about who took them or when they were taken has been supplied or established. L'Auberge states that post-incident photographs and evidence of prior incidents alike are only admissible with a showing of substantial similarity, citing *Miciotto v. Hobby Lobby Stores, Inc.*, 6:19-CV-00735, 2021 WL 220121, at *3 (W.D. La. Jan. 21, 2021) (declaring post-incident photographs inadmissible absent a foundation that the conditions depicted were substantially similar to those present at the time of the incident); and *Vaughn v. Hobby Lobby Stores, Inc.*, 6:19-CV-00293, 2021 WL 2008468, at *4 (W.D. La. May 19, 2021) (wherein this Court explained that evidence of other accidents is only admissible with a showing of substantial similarity).

L'Auberge asserts that, here, Plaintiffs made no effort to establish that any of the prior bathroom incidents referenced by Wright were substantially similar to this one (there is no proof that they involved the same toilet and some of them involved spilled drinks among other things – see for example Doc. No. 29-7 at page 35 referencing a spilled drink). Moreover, there is nothing in the record to establish that the photographs supplied by Plaintiffs depict a substantially similar condition.

L'Auberge argues that Wright's affidavit is speculative and not based on personal knowledge or admissible evidence and is not even competent circumstantial evidence in this case. Rather, it is a classic example of speculative "could have happened" theories that should not be considered in deciding a motion for summary judgment.

Plaintiffs also argue that L'Auberge created the unreasonably dangerous condition via poor maintenance, as in the *Deshotel* case. L'Auberge asserts, however, that case is

8

distinguishable because in that case there was no question that the roof of a Wal-Mart store had leaked. The question concerned where and whether the leak caused a patron's slip and fall (Wal-Mart argued that the plaintiffs could not prove that the subject liquid came from the leaky roof). The court explained that although there were differing opinions on the precise location of the leaks, a genuine issue of material fact existed on whether they caused the fall because the testimony of Wal-Mart's manager "provide[d] support for a generally leaky roof" secondary to inadequate maintenance. *Id*. at 746. Therefore, sufficient factual evidence existed to support the opinions of the plaintiff's expert concerning poor maintenance and causation of the fall. *Id*. at 746-47.

L'Auberge asserts that this case is a far cry from *Deshotel* and is more like *Bearb v. Wal-Mart La., L.L.C.,* 534 Fed. App'x. 264 (5th Cir. 2013), which the *Deshotel* court distinguished on grounds that the only evidence of a leaky roof in that case was "speculation and [the plaintiffs'] own unsubstantiated statements." *Deshotel* at p. 747. In the present case, according to L'Auberge, Mrs. Avila conceded that she had no idea where the liquid came from (Doc. No. 27-3 – L'Auberge's Exhibit "A" at p. 47, lines 2-15), and the only suggestion that it came from a leaky toilet comes from her paid expert, whose opinion should be given no weight for the reasons set forth above.

The Court finds that Plaintiffs have failed to carry their burden of establishing a genuine issue of material fact that the liquid came from a leaky toilet or that L'Auberge created the alleged hazardous condition in the stall. Lafleur, the employee whose job was to monitor the restroom, declared in her affidavit that she was in the restroom when Ms. Avila fell; that she helped get the stall door unlocked so that assistance could be provided to her; that she did see

9

a liquid on the floor near the toilet after Ms. Avila's fall but did not see it at any time prior to the fall nor had anyone reported it to her; that she did not know what caused the liquid to be on the floor; and that the liquid could not have been on the floor for long as she is constantly going in and out of each stall to make sure that the toilets are clean and that the toilet paper dispensers are loaded [LaFleur Affidavit Doc. No. 27-4]. She further declared that, had she seen a liquid on the floor prior to Ms. Avila's fall, she would have protected the stall with a wet floor sign and immediately cleaned it up [*Id.*]. Finally, she declared that she had no knowledge of that particular toilet leaking despite working in the restroom for approximately five years [*Id.*].

Plaintiff's expert Wright's opinion that the toilet was not properly sealed is only speculation because he did not personally examine the toilet, but instead relied on pictures taken the day of the accident that do not establish that the toilet was not sealed to the floor or that the seal was degraded. Additionally, the other pictures relied on by Wright were taken at a later point in time with no evidence to show they depict the toilet's condition on the date of the accident.

Plaintiff's reference to prior incidents is not persuasive because there is nothing indicating those incidents were substantially similar, involved the same stall, or involved water leaked from toilets.

The Court therefore concludes that Plaintiffs have not established a genuine issue of fact that the water came from a leaky toilet or that L'Auberge created the alleged hazardous condition. The Court will next examine the issue of actual or constructive knowledge of the allegedly hazardous condition.

## 2. Did L'Auberge Have Actual or Constructive Knowledge?

Plaintiffs state that the presence of an employee, Lafleur, in the vicinity where the condition existed, when the employee knew, or in the exercise of reasonable care, should have known, of the condition, satisfies constructive notice.

The second sentence of La. R.S. 9:2800.6(C) clarifies that the mere presence of an employee in the vicinity of the accident does not satisfy the requirements to prove constructive notice without additional evidence that the employee "knew, or in the exercise of reasonable care should have known, of the condition." *See Burns v. Sedgwick Claims Mgmt. Servs., Inc.,* 14-421 (La.App. 5 Cir. 11/25/14, 14), 165 So.3d 147, 157; *see also Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014).

In other words, the mere fact that Lafleur was nearby working is not enough. Plaintiffs must still prove each element of their claim under La. R.S. 9:2800.6, including that the spill was on the floor for period of time lengthy enough to infer constructive notice.

In a similar case, the plaintiff was injured when he slipped in a puddle on the floor while at the defendant's store. *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1191 (La. 1999). The plaintiff presented evidence showing that the general area where he fell was in view of a customer service podium and that it was raining on the evening in question. However, plaintiff presented no evidence as to the length of time the puddle was on the floor before his accident. The Supreme Court overruled both the trial court and the appellate court and found that plaintiff had failed to meet the "temporal element" which is required under *White,* 733 So.2d. at 1191**.** The Court will examine the temporal element next.

### 3. The Temporal Element

Plaintiffs acknowledge that the lack of critical video evidence hinders their ability to show the temporal element of notice by way of direct evidence. Nonetheless, Plaintiffs assert they can prove by circumstantial evidence that the liquid surrounding the toilet existed for some period of time prior to Mrs. Avila's fall.

According to Plaintiffs, the following set of facts shows that there exists circumstantial evidence that the liquid was present around the toilet some time before Mrs. Avila's fall: (1) L'Auberge's bathroom attendant should have kept the restroom free from slipping hazards, (2) daily checks should have been performed in each stall, (3) Mrs. Avila in fact noticed the liquid near the toilet right before she fell, (4) professional plumber, Earl Wright, II, opines that L'Auberge's own failures caused the base of the toilet to leak, (5) L'Auberge failed to properly monitor the restroom, (6) L'Auberge failed to perform general maintenance on the toilets which lead to a leak from the toilet, and (7) a photo taken immediately after Mrs. Avila's fall shows the existence of a significant amount of liquid, which appears to have trickled onto the floor grout beyond the puddle, indicating a slow forming leak from the toilet.

Plaintiffs conclude that, altogether, at a minimum, these facts show a genuine dispute in material fact as to how long the liquid existed around the toilet, or as to when L'Auberge should have noticed the liquid. Plaintiffs assert these facts prove that the liquid existed for some period of time before Mrs. Avila's fall.

The seminal case interpreting the statute is *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081 (La.1997). In *White,* the Court held:

> [I]t is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(b). Furthermore, because constructive notice

12

> is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(b)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.

A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d at 1191.

Since the *White* decision, several additional decisions have been handed down using the same logic. In *Kennedy*, as noted above, the plaintiff presented no evidence as to the length of time the puddle was on the floor before his accident. The Supreme Court found that plaintiff had failed to meet the "temporal element" which is required under *White,* 733 So.2d. at 1191.

In *O'Brien v. Wal-Mart Stores, Inc.,* 720 So.2d 1263 (La. App. 2nd Cir. 1998), the plaintiff was injured when she stepped in a clear substance on the floor at Wal-Mart. The substance was later identified as oil. The plaintiff stated that she did not see anyone in the department when she fell. Further, the plaintiff stated that the oil spill measured around five inches in diameter, and there was a smear mark on the right side of the spill. The plaintiff testified that there was no trash, debris, or shopping cart tracks in the vicinity of the spill and that she believed that she was the first person to step into the oil spill. The Court ruled that the plaintiff had failed to present any evidence establishing constructive notice, as no evidence showed that the oil was on the floor for any length of time.

In *Rogers v. Brookshire Grocery Company,* 702 So.2d 11 (La. App. 2nd Cir. 1997), the

plaintiff was injured when she slipped on a green vegetable leaf in the defendant's store. The Court stated that the plaintiff had failed to show lack of reasonable care on the part of the defendant, as well as how long the leaf had been on the floor. Plaintiff did not present positive proof that the substance was on the floor for a specified period of time.

In *Zeringue v. Wal-Mart Stores, Inc.,* 10-589 (La. App. 5 Cir. 3/29/11); 62 So.3d 276, the appellate court confirmed a case dismissed on a motion for summary judgment. In the *Zeringue* case, the plaintiff fell near the checkout area of the store. After her fall she saw green grapes on the floor, some of which had been crushed. Her husband did not see her fall but when he looked, he saw a clear puddle measuring about a square foot with about a dozen-and-a-half green grapes in the middle, some being crushed. Neither plaintiff nor her husband could say how long the grapes were on the floor nor how they got there. The stores protocol was to have employees continuously watch the area for any hazards and if any foreign substance was noted on the floor to clean it up immediately. The Court held that there was no evidence that the store had actual or constructive notice of the grapes on the floor prior to the fall. The store was dismissed on summary judgment at the district court level, and the court of appeal affirmed that ruling.

This Court finds that, although a wet floor may present an unreasonable risk of harm, Plaintiffs have failed to show that L'Auberge knew or had constructive knowledge of the wet substance on the floor or that L'Auberge failed to exercise reasonable care. Mrs. Avila admitted that she did not know how long the substance was on the floor, and she has produced no third-party witness or circumstantial evidence that would suggest how long it had been there.

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic

arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1997); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *see also Pyron v. Piccadilly Restaurants, LLC*, No. 4:09-00057, 2010 WL 2683618 at *3 (N.D. Miss. 7/2/10) ("In the present case, the plaintiff has offered nothing beyond speculation that the floor was mopped with a 'greasy mop' to show why the floor was slick. Such speculation is insufficient to defeat the defendant's motion for summary judgment.")

The Court finds that Plaintiffs have failed to establish a genuine issue of fact for trial as to causation, actual notice, or constructive notice. Accordingly, L'Auberge is entitled to judgment as a matter of law dismissing Plaintiffs' claims..

### III. CONCLUSION

For the foregoing reasons, L'Auberge's Motion for Summary Judgment [Doc. No. 27] is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 9th day of February 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**